IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LAKEVIEW LOAN SERVICING, LLC                                    PLAINTIFF

v.                                    Case No. 1:25-cv-01087

JAMIE PHILLIPS; CAPITAL ONE BANK;
STATE OF ARKANSAS; and UNITED STATES
OF AMERICA, on behalf of, The Secretary of Housing
and Urban Development                                          DEFENDANTS

## ORDER

Before the Court is a Joint Motion for Entry of Consent Order as to the Arkansas Department of Finance and Administration ("the Department"). (ECF No. 24). Plaintiff Lakeview Loan Servicing, LLC and Defendant State of Arkansas, on behalf of the Department, move the Court to enter a Consent Order as to the Department. Upon consideration, the Court finds that the parties' motion (ECF No. 24) should be and hereby is **GRANTED**.

**The Consent Order is as follows:**

This matter is before the Court upon consent of Plaintiff, Lakeview Loan Servicing, LLC, and Defendant, the State of Arkansas on behalf of the Department.

Plaintiff filed this action seeking judicial foreclosure of real property located at 1380 Parkers Chapel Rd, El Dorado, Arkansas 71730 (the "Subject Property"). The Plaintiff's Complaint, filed on November 13, 2025, is for Judicial Foreclosure of a Deed of Trust. (ECF No. 2).

Plaintiff joined the Department based on a Certificate of Indebtedness filed and recorded on April 24, 2024, as Instrument Number 2024R002365, in the official public records of Union County, Arkansas; and another Certificate of Indebtedness filed and recorded on February 27, 2024, as Instrument Number 2024R001123, in the official public records of Union County,

Arkansas ("Department Certificates of Indebtedness"). (ECF Nos. 2, at ¶ 20; 2-1, at 60-61) (Complaint and Exhibit 8); (ECF No. 10, at 4-5) (Answer and Exhibits).  Pursuant to Ark. Code Ann. § 26-18-701(a)(3)(A)(i), a Certificate of Indebtedness creates a statutory lien having the force and effect of a circuit court judgment against all real and personal property belonging to the Taxpayer, Jamie Phillips.

The Department was previously served with the pleadings and filed its answer on January 12, 2026.  (ECF No. 10).

The Department does not oppose the Court entering judgment in favor of Plaintiff and ordering the Subject Property sold at a public sale. Plaintiff and the Department agree that this Consent Order does not affect the Department's ability to pursue collection on the Certificates of Indebtedness as provided by law and said Certificates of Indebtedness shall remain enforceable against any excess funds arising from any foreclosure sale of the Subject Property ordered pursuant to Plaintiff's Complaint.

Therefore, the Court hereby **ORDERS** that the relief sought by Plaintiff in its Complaint as against the Department is hereby granted to the extent set forth above.  Plaintiff shall not receive any award or judgment for attorneys' fees or other monetary damages against the Department.

The Court further **ORDERS** that Plaintiff shall provide the Department, though counsel for the Department, with notice and copies of all documents in this action, including correspondence and pre- and post-judgment pleadings, whether presented to the judge or to the clerk of court.  In addition, Plaintiff shall provide notice to the Department of any excess proceeds and notice of any agreement between debtor and Plaintiff which delays judgment or judicial sale of the property to counsel for the Department.

The Court further **ORDERS** that Defendant State of Arkansas on behalf of the Department of Finance and Administration is hereby relieved form making any further court appearances in the case.

**IT IS SO ORDERED**, this 16th day of April, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge